# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR KENT COUNTY

|  |  |  |
|---|---|---|
| **WELLS FARGO BANK, NA,** | **:** | |
| | **:** | **C.A. No: K15C-03-003 RBY** |
| **Plaintiff,** | **:** | |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **EARL STRONG,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

Submitted: December 15, 2015
Decided: December 22, 2015

***Upon Consideration of Defendant's***
***Motion to Dismiss***
**DENIED**

## ORDER

Daniel T. Conway, Esquire, Atlantic Law Group, LLC, Georgetown, Delaware for Plaintiff.

Earl Strong, *pro se*.

Young, J.

## SUMMARY

Wells Fargo Bank, NA ("Plaintiff") filed an action to recover the outstanding balance and interest owed on a promissory note by Earl Strong ("Defendant"). After a lengthy procedural history, Defendant filed a second Motion to Dismiss. Because it is reasonably conceivable that Plaintiff may recover on Defendant's debt, Plaintiff's pleadings state a claim upon which relief may be granted. Therefore, Defendant's Motion to Dismiss is **DENIED**.

## PROCEDURAL HISTORY

On October 13, 2015, this Court issued an opinion granting Defendant's first motion to dismiss, based upon the expiry of the statute of limitations for Plaintiff's cause of action. Following a hearing on Plaintiff's motion for reargument held on November 18, 2015, the Court reversed itself based upon new evidence supporting Plaintiff's claim, and ordered that the case proceed to trial. By this second motion to dismiss, Defendant reasserts all of the prior arguments from his first motion to dismiss, but also asserts that *res judicata* bars the case from going forward.

## STANDARD OF REVIEW

The Court's standard of review on a motion to dismiss pursuant to Superior Court Civil Rule 12(b)(6) is well-settled. The Court accepts all well-pled allegations as true.[1] Well-pled means that the complaint puts a party on notice of

---

[1] *Loveman v. Nusmile, Inc.*, 2009 WL 847655, at *2 (Del. Super. Mar. 31, 2009).

the claim being brought.[2] If the complaint and facts alleged are sufficient to support a claim on which relief may be granted, the motion is not proper and should be denied.[3] The test for sufficiency is a broad one.[4] If any reasonable conception can be formulated to allow Plaintiff's recovery, the motion to dismiss must be denied.[5] Dismissal is warranted only when "under no reasonable interpretation of the facts alleged could the complaint state a claim for which relief might be granted."[6]

Under the doctrine of *res judicata*, a party is foreclosed from bringing a second suit based on the same cause of action after a judgment has been entered in a prior suit involving the same parties.[7] Essentially, *res judicata* bars a court from reconsidering conclusions of law previously adjudicated.[8]

## DISCUSSION

*Res judicata* does not bar Plaintiff's claim. The elements of the defense of *res judicata* are: (1) the court which made the decision in the first suit must have had subject matter and personal jurisdiction; (2) the parties in the two suits must

---

[2] *Savor, Inc. v. FMR Corp.*, 2001 WL 541484, at *2 (Del. Super. Apr. 24, 2001).

[3] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).

[4] *Id.*

[5] *Id.*

[6] *Thompson v. Medimmune, Inc.*, 2009 WL 1482237, at *4 (Del. Super. May 19, 2009).

[7] *Betts v. Townsends, Inc.*, 765 A.2d 531, 534 (Del. 2000) (citing *M.G. Bancorporation, Inc. v. Le Beau*, 737 A.2d 513, 520 (Del. 1999)).

[8] *Id.*

be the same; (3) the cause of action or the issues necessarily decided in the two suits must be the same; (4) the prior court must have decided the issues adversely to the contentions of the plaintiff in the pending case; and (5) the prior decree must have been a final decree on the merits.[9]

Here, the doctrine of *res judicata* is inapplicable to the facts of this case. In ordering that the case proceed to trial following reargument, the same Court made a different decision on the same question. The Defendant may argue that the case should have been dismissed for whatever reason, including the statute of limitations, but we have decided otherwise. The most recent decision was made on the basis of information which was not available originally, but should have been. In any event, this new information has now come to light, which indicates that the statute of limitations has not expired on Plaintiff's claim. Therefore, Plaintiff's recovery is reasonably conceivable, and the motion to dismiss must be denied.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss is **DENIED**. **IT IS SO ORDERED**.

    /s/ Robert B. Young      
J.

RBY/lmc
cc: Counsel
     Earl Strong
     Opinion Distribution

---

[9] *Glaser v. Norris*, 1992 WL 14960, at *15 (Del. Ch. Jan. 6, 1992).